IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ALFONZO HENDRIX                                                                          PETITIONER


vs.                           Civil Case No. 5:08CV00135 JLH-JTK


RAY HOBBS,[1] Interim Director,
Arkansas Department of Correction                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

        The following recommended disposition has been sent to United States District Court Chief

Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

        1.        Why the record made before the Magistrate Judge is inadequate.

---

        [1]        Substituted for former Director Larry Norris pursuant to Fed.R.Civ.P. 25(d).

2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Alfonzo Hendrix, an inmate of the Arkansas Department of Correction, has filed a petition under 28 U.S.C. § 2254, seeking a writ of habeas corpus.  On November 16, 2004, a jury convicted Petitioner of aggravated robbery and sentenced him to ten years imprisonment (Respondent's Exhibit A).  Petitioner appealed (Respondent's Exhibit B), but the Arkansas Court of Appeals affirmed his conviction.  Hendrix v. State, NO. CACR 05-180, 2006 WL 711210 (Ark. Ct. App. Mar. 22, 2006) (Respondent's Exhibit C).  He  petitioned for rehearing in the Arkansas Court of Appeals, which the court denied (Respondent's Exhibit D), and he petitioned the Arkansas Supreme Court for review, which the court denied (Respondent's Exhibit E).  He filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Respondent's Exhibit F), which the trial court denied on December 29, 2006 (Respondent's Exhibit G).   Petitioner appealed, but the Arkansas Supreme Court affirmed the denial of relief.  Hendrix v. State, NO. CR

07-269, 2008 WL 660318 (Ark. Mar. 13, 2008)(Respondent's Exhibit I).  He filed a petition for

rehearing, which the Arkansas Supreme Court denied.  <u>Hendrix v . State</u>, NO. CR 07-269, 2008 WL

1822437 (Ark. Apr. 24, 2008) (Respondent's Exhibit J).

In these proceedings, Petitioner raises the following grounds for relief:

1.   His rights were violated by an unconstitutional search and seizure;

2.   Trial counsel was ineffective for failing to obtain surveillance tapes;

3.   His conviction was procured through the use of evidence obtained pursuant to an unlawful arrest;

4.   The prosecutor failed to disclose evidence favorable to the defense;

5.   Judicial conflict of interest and misconduct; and

6.   Prosecutorial misconduct.[2]

Respondent admits Petitioner is in his custody and he has exhausted all other non-futile state

remedies, "regarding the grounds raised in this specific petition."  Response (Docket Entry[3] #5) at

4.  Respondent contends, however, that the entire petition should be dismissed.

I.

The charges against Petitioner arose from an assault and robbery of Carl Vaughn, one of his

neighbors, in the driveway at his house.  Two police officers, Fincher and Sundberg, investigated

the robbery.  Mr. Vaughn stated he knew the robber, because he had seen him before, but he could

not think of his name.  Fincher asked him if it was "Alfonzo," and Mr. Vaughn responded it was.

Fincher and Sundberg went to Petitioner's home and explained what had just happened.  Petitioner

told them he had been at a Shell gas station, where he had purchased a sandwich, chips, and a coke.

[2]   Petitioner offered no factual support on the petition form for any of his grounds for relief. However, he attached a ten-page, type-written "Petition for Writ of Habeas Corpus" and his Petition for Rehearing in the Arkansas Supreme Court regarding the denial of his Rule 37 petition.  The court has attempted to discern his grounds for relief and supporting allegations from these documents.

[3]   Hereafter "DE."

Officer Fincher testified Petitioner invited him and Sandberg into his home to show them his purchases. Inside, the officers noticed some clothes on the floor that resembled the attire of the perpetrator, as described by Mr. Vaughn. Sundberg stood outside Petitioner's home with Petitioner, and Fincher brought Mr. Vaughn by the house to look at Petitioner. When Mr. Vaughn identified Petitioner as the robber, the officers arrested him. Hendrix v. State, No. CACR 05-180, 2006 WL 711210 at *1-2 (Ark. Ct. App. Mar. 22, 2006) (Respondent's Exhibit C).

It appears from the petition and both attached documents that Petitioner argues in grounds one and three that his conviction was obtained pursuant to an unconstitutional arrest and an unconstitutional seizure of clothes from his home. He contends the police used an unconstitutional "knock and talk" procedure to gain entry to his home, where they found clothes the prosecution contended were worn by the robber during the robbery, which led to his arrest. Respondent contends these grounds are not cognizable in federal habeas proceedings.

An illegal arrest does not invalidate a subsequent conviction, unless the circumstances are so egregious as to shock the conscience. Davis v. Muellar, 643 F.2d 521 (8th Cir.) cert. denied, 454 U.S. 892 (1981) (citing Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Pruitt v. Hutto, 542 F.2d 458, 459 (8th Cir. 1976)). The court does not find that the circumstances of this case satisfy this standard.

Further, the Supreme Court held in Stone v. Powell, 428 U.S. 465, 482 (1976), that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."

> It is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that bars federal habeas corpus consideration of claims under Stone. "[I]f state procedures afford the defendant in a criminal case the opportunity to [fully and fairly] litigate whether evidence obtained in violation of the fourth amendment should be excluded ... then Stone v. Powell precludes federal habeas corpus

consideration of those issues whether or not the defendant avails himself of that opportunity."

Lenza v. Wyrick, 665 F.2d 804, 808 (8th Cir. 1981). "The Stone bar applies despite a state court's error in deciding the merits of a defendant's fourth amendment claim." Id. "To show that he was not afforded an opportunity for full and fair litigation of his claim, [a petitioner] would have to show that the State 'provided no corrective procedures at all to address the alleged Fourth Amendment violation' or that the State 'provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.'" Chavez v. Weber, 497 F.3d 797, 802 (8th Cir. 2007) (quoting Willett v. Lockhart, 37 F.3d 1265, 1271-72 (8th Cir. 1994)(en banc)(adopting test set forth in Capellan v. Riley, 975 F.2d 67, 71 (2nd Cir. 1992)) (quotation marks omitted and emphasis removed)). In Arkansas, criminal defendants may file a motion to suppress evidence under Rule 16 of the Arkansas Rules of Criminal Procedure. Petitioner availed himself of that procedure, and he does not allege an "unconscionable breakdown" in the process. Thus, Stone applies and the court may not consider a Fourth Amendment claim arising from these allegations. Petitioner is not entitled to relief on grounds one and three.

## II.

Ground two is Petitioner's claim of ineffective assistance of counsel based on counsel's failure to obtain surveillance video tapes from March 6, 2004, which Petitioner contends would show he was sitting in a car with James Walker outside a store at the time of the robbery of Mr. Vaughn. He asserts in his Petition for Rehearing attached to his petition, that the police obtained two video tapes from the store, and the prosecution failed to furnish to the defense the "only relevent [sic] one that would show the Appellant through the front window of the Store[] clearly at the time of the alleged Robbery." Petition for Rehearing, Attachment to Petition at 5-6. In his reply to Respondent's Response, Petitioner asks this court to hold a hearing and order the State to produce the tape for further investigation, because the tape clearly shows that, at 1:06 a.m., he and James

Walker were at the Shell Super Store while Mr. Vaughn was being robbed.  Petitioner's Reply (DE #9) at 3-4.

He further states in his reply that there were three tapes, two from the store and one made by Officer Morris Irvin, and that the prosecution omitted the only tape that would show him at the store at the time of the robbery.  He also states the store clerk and a friend both testified they observed him through the window of the store, but he did not come into the store.  He contends one tape from the store and a tape made by Officer Morris Irvin were played at the trial for two or three minutes, but a third tape from the store was withheld.  He also states that "Officer Morris Irvin testified that he made another tape, which the record shows that see (Tr. 174-L7-25) also see (Tr. 275) there should have been introduce [sic] at trial three tapes."  Reply (DE #9) at 7, 14-15.

Petitioner raised this claim in his Rule 37 petition.  The trial court's Order denying relief consists of one page in which the trial judge explains he told Petitioner prior to the Rule 37 hearing that his decision in the case would be based on the evidence presented at the hearing.  He offered Petitioner a continuance, but Petitioner stated he wanted to go forward with the hearing.  Petitioner made his arguments and offered the court record as his case.  The court denied the petition, finding Petitioner "did not provide the Court with sufficient evidence in support of his Petition." Respondent's Exhibit G.

In its order affirming the trial court's denial of the petition, the Arkansas Supreme Court made the following findings:

> As to the first allegation of ineffective assistance, when questioned by police regarding his whereabouts at the time of the aggravated robbery, appellant claimed that a friend drove him to a nearby convenience store to purchase food. The police obtained surveillance tapes from the convenience store in order to verify appellant's alibi. Appellant and the driver both testified at trial that appellant remained seated in the car and did not enter the store, and a woman working at the store testified at trial to the same effect. A portion of the tape was introduced at trial that showed appellant's friend entering the store. However, the tape did not conclusively or clearly show appellant sitting in the car outside of the convenience store, and did not show him entering the store at any time.

Under the standard for showing ineffective assistance of counsel, appellant must prove that counsels' performance was deficient and, as a result, that appellant was deprived of a fair trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); <u>Jackson v. State</u>, 352 Ark. 359, 105 S.W.3d 352 (2003). The burden is on appellant to provide facts to support his claims of prejudice. <u>Nelson v. State</u>, 344 Ark. 407, 39 S.W.3d 791 (2001) (<u>per</u> <u>curiam</u>). Allegations without factual substantiation are insufficient to overcome the presumption that counsel is effective. <u>Id.</u> Conclusory statements cannot be the basis of postconviction relief. <u>Jackson</u>, <u>supra</u>.

Here, appellant fails to demonstrate that any surveillance tape existed that would have conclusively proved his innocence, or that trial counsel or appellate counsel were deficient for failing to obtain such a tape. These conclusory statements are unsupported by facts and cannot be the basis for a claim under Rule 37.1. <u>Nelson</u>, <u>supra</u>; <u>Jackson</u>, <u>supra</u>.

<u>Hendrix v. State</u>, NO. CR 07-269, 2008 WL 660318 at *2 (Ark. March 13, 2008).

Where the state court has addressed an issue, to obtain relief under § 2254, the federal habeas petitioner must demonstrate the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence" presented in state court. 28 U.S.C. § 2254(d)(1), (2). Findings of fact by the state trial and appellate courts are presumed correct unless the petitioner rebuts those findings by "clear and convincing evidence." § 2254(e)(1).

The Arkansas Supreme Court cited <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and its well-established standard for reviewing ineffective assistance of counsel claims, requiring a petitioner to show "counsel['s] performance was deficient and, as a result, ... [petitioner] was deprived of a fair trial." <u>Hendrix v. State</u>, NO. CR 07-269, 2008 WL 660318 at *2 (Ark. March 13, 2008). In other words, a claim for ineffective assistance of counsel can prevail only if a defendant demonstrates both deficient performance on counsel's part and resulting prejudice. <u>Strickland v. Washington</u>, 466 U.S. at 687.

If the state court has applied the correct standard, the only question under § 2254(d)(1) and (2) is whether the court's denial of relief under <u>Strickland</u> was reasonable in this case. <u>Green v. Norris</u>, 394 F.3d 1027, 1029 (8th Cir. 2005). A state court's application of the law is not "unreasonable" if it is merely incorrect or erroneous in this court's independent judgment; rather, it must be objectively unreasonable. <u>Williams v. Taylor</u>, 529 U.S. 362, 410-11 (2000).

The question of the reasonableness of the state court's decision "must be assessed in light of the record the court had before it," unless a petitioner can show he "was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met." <u>Holland v. Jackson</u>, 542 U.S. 649, 652 (2004).[4] Given the record before the Arkansas Supreme Court, Petitioner's failure to explain how he became aware of the alleged tape, and his failure to allege how counsel could have discovered its existence by the exercise of due diligence, I find it was not unreasonable for the state court to find Petitioner's allegations were too conclusory to form the basis for relief, and the finding was not based on an unreasonable determination of the facts in light of the evidence presented.

III.

---

[4] Section 2254(e)(2) provides:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In grounds four and six, Petitioner asserts prosecutorial misconduct.  In ground four, his assertion is that the prosecutor withheld evidence favorable to the defense concerning the time frame of the robbery and Petitioner's alleged appearance at the Superstop.  Intertwined in this is his allegation that the victim and the police officers perjured themselves at trial.  In ground six, he re-argues his assertions of perjury and the failure of the prosecutor to provide the defense with all three tapes from the Superstop.

Respondent argues these claims should be dismissed as procedurally barred because Petitioner did not raise them properly in state court.  Petitioner did not raise either claim on direct appeal.  He raised both grounds in his Rule 37 motion, but the Arkansas Supreme Court dismissed the claims, finding that "allegations regarding prosecutorial misconduct do not constitute a proper basis" for Rule 37 motions. Hendrix v. State, 2008 WL 660318, at *2 (Ark. March 13, 2008). A claim of prosecutorial misconduct is "an issue that should [be] raised on direct appeal, and is not a claim that may be raised for the first time in a Rule 37 petition." Howard v. State, 367 Ark. 18, 27, 238 S.W.3d 24, 32 (Ark. 2006). Though Petitioner technically "exhausted" his state remedies as to the prosecutorial misconduct claims because no meaningful avenue for post-conviction relief remained, see e.g. Coleman v. Thompson, 501 U.S. 722, 732 (1991)(citing 28 U.S.C. § 2254(b) and Engle v. Isaac, 456 U.S. 107, 125-126, n. 28 (1982)),  "exhaustion" alone does not entitle him to habeas review in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006) (citing Gray v. Netherland, 518 U.S. 152, 162 (1996)).[5] Rather, a court must further ask whether the petitioner "properly"

---

[5]  Pursuant to Ark. Code Ann. § 16-112-103, a state prisoner may also file a writ of habeas corpus in the circuit court where they are incarcerated. Here, Petitioner was precluded from this avenue of post-conviction collateral relief because law requires Arkansas courts to issue the writ only in cases where the sentencing court  lacked proper jurisdiction or the "commitment is invalid on its face." Cloird v. State, 349 Ark. 33, 40, 76 S.W.3d 813, 817 (2002). Allegations of prosecutorial misconduct are not cognizable on state habeas review. See e.g. Smith v. Norris, No. 08-733, 2008 WL 4755669 at *2 (Ark. 2008) ([P]rosecutorial misconduct or other irregularities at trial [] are factual issues that should [be] addressed during trial or through a direct appeal.").

exhausted his state remedies. Id. at 92 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999))

(emphasis in original). Here, Petitioner failed to properly exhaust his remedies in state court on the

prosecutorial misconduct claims because he did not raise the issue in the appropriate forum

prescribed by the Arkansas Supreme Court—in this case, on direct appeal. Hendrix v. State, 2008

WL 660318 at *2 (Ark. March 13, 2008). Failure to properly exhaust "is given the separate name

of procedural default" and generally results in a petitioner's inability obtain habeas review of that

defaulted constitutional claim in federal court. Woodford v. Ngo, 548 U.S. at 92. A petitioner may

nevertheless excuse the procedural default by showing cause and prejudice, or by "demonstrat[ing]

that the alleged constitutional error has resulted in the conviction of one who is actually innocent

of the underlying offense." Dretke v. Haley, 541 U.S. 386, 388 (2004)(citing Murray v. Carrier, 477

U.S. 478 (1986) and Sawyer v. Whitley, 505 U.S. 333 (1992)). A petitioner establishes cause by

showing that "some objective factor external to the defense impeded counsel's efforts to comply

with the State's procedural rule," such as a "showing that the factual or legal basis for the claim was

not reasonably available," or that "interference by officials made compliance impracticable."

Murray v. Carrier, 477 U.S. at 488.

Petitioner does not explain why he failed to raise his prosecutorial misconduct claim on

direct appeal, other than to express a general displeasure with his court-appointed attorney, alleging

that counsel lacked "first hand knowledge of the case." Reply (DE #9) at 2. The court transcript

excerpts Petitioner attached to his reply show said counsel questioning an arresting police officer

on cross-examination, which itself suggests the court-appointed attorney had first-hand knowledge

of his client's case. See id. at 18-22. Further, and as addressed before, the Arkansas Supreme Court

concluded that Petitioner did not meet the test measuring the ineffectiveness of his court-appointed

counsel as outlined in Strickland, and I did not find the Arkansas Supreme Court's determination

unreasonable in light of the evidence presented. Hendrix, 2008 WL 660318 at *2. As it stands,

Petitioner's assertions are based on facts he knew, or had access to, during the time when he filed his direct appeal. Petitioner has not shown adequate cause for the procedural default.[6]

A petitioner may also excuse procedural default by showing proof of "actual innocence". Murray v. Carrier, 477 U.S. at 488. Petitioner has offered nothing in the way of new evidence that would suggest a change in the outcome of his case. Petitioner makes conclusory statements about the state withholding surveillance tapes that he alleges prove his innocence, but offers no objective proof that such evidence exists. Reply (DE #9) at 3. Petitioner raised this issue in his Rule 37 motion, where it was rejected for similar reasons. See Hendrix v. State, No. CR 07-269, 2008 WL 660318 at *2 ("[A]ppellant fails to demonstrate that any surveillance tape existed that would have conclusively proved his innocence . . ."). Because Petitioner has failed to establish adequate cause and prejudice or proof of actual innocence, his prosecutorial misconduct claims under grounds four and six remain procedurally barred from federal habeas review.

IV.

In his fifth ground for relief, Petitioner alleges "judicial conflict of interest and misconduct." Petition (DE #2) at 22-23. This allegation apparently stems from the fact that Justice Jim Gunter of the Arkansas Supreme Court previously served as presiding circuit judge in Petitioner's case. Id.; (Respondent's Exhibit A). Petitioner alleges a conspiracy between the Nevada County Circuit Court, the Arkansas Court of Appeals, and the Arkansas Supreme Court to protect Justice Gunter and deprive Petitioner of his "right to a fair ruling." See Petition (DE #2) at 22. Justice Gunter, however, recused himself from Petitioner's appeal, see Hendrix, 2008 WL 660318 at *4, and Petitioner has provided nothing, aside from conclusory statements unsupported by fact, that suggests the presence of judicial misconduct or conflict of interest. Further, Petitioner failed to properly exhaust this claim

---

[6]  Because Petitioner has not shown cause for his procedural defaults, the court will not address the existence of actual prejudice. See e.g. Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982).

because he first raised it in a Rule 37 appeal. Id. at *1 ("These conclusory allegations were not contained in appellant's verified Rule 37[] petition, raised at his Rule 37[] hearing or supported by facts, and will not be considered for the first time on appeal."); see also Respondent's Exhibit F at 12-16. Petitioner offers no explanation as to why he failed to raise this particular claim on direct appeal or in his Rule 37 petition. Because Petitioner failed to properly raise the issue in the appropriate forum and because he has not shown adequate cause and prejudice or actual innocence, his allegations of judicial conflict of interest and misconduct likewise remain procedurally barred from federal habeas review.

V.

In summary, the petition for writ of habeas corpus is denied because grounds one and three do not state a claim for habeas corpus relief, ground two is without merit, and the remaining grounds are procedurally barred from review.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, denied and dismissed with prejudice.

SO ORDERED this 3rd day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE